UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN A. CORRION, #601943,

        Plaintiff,

                                    CASE NO. 2:11-CV-15340
v.                               HONORABLE SEAN F. COX

MARK GATESMAN, et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING LEAVE TO PROCEED WITHOUT
PREPAYMENT OF THE FILING FEE AND DISMISSING THE COMPLAINT**

I.

      Michigan prisoner John Corrion ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against two attorneys from Howell, Michigan. Plaintiff has not paid the $350.00 filing fee for this action, but has submitted a copy of his prison trust account statement – apparently seeking leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). In his complaint, Plaintiff alleges claims of ineffective assistance of counsel, abuse of process, and fraud. He seeks a declaratory judgment, compensatory damages, and punitive damages. Having reviewed the matter, the Court finds that Plaintiff is not eligible to proceed without prepayment of the filing fee for this action and dismisses his complaint pursuant to 28 U.S.C. § 1915(g). The Court also finds that an appeal from this decision would be frivolous and cannot be taken in good faith.

II.

      Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321

(1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil

action under certain circumstances.  The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under this section, if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an action or appeal in a court
> of the United States that was dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  In short, the "three strikes" provision requires the Court to dismiss a civil case

where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more

previous occasions, a court has dismissed the prisoner's action because it was frivolous or malicious

or failed to state a claim upon which relief may be granted.  *Id.*; *see also Dupree v. Palmer*, 284 F.3d

1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss

the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis*

pursuant to the provisions of § 1915(g)").

The Court's records reveal that Plaintiff has filed more than three prior civil actions which

have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.

*See Corrion v. Corrion, et al.*, No. 10-CV-10669 (E.D. Mich. June 21, 2010); *Corrion v. Ludwick*,

No. 09-CV-11531 (E.D. Mich. July 13, 2009); *Corrion v. Morse, et al.*, No. 09-CV-11863 (E.D.

Mich. June 30, 2009); *Corrion v. Morse, et al.*, No. 09-CV-11404 (E.D. Mich. April, 22, 2009);

*Corrion v. Latreille*, No. 08-CV-15272 (E.D. Mich.  Jan. 8, 2009).  Plaintiff has also previously been

denied leave to proceed without prepayment of the filing fee for having three strikes.  *See Corrion*

*v. State Treasurer*, No. 10-CV-13172 (E.D. Mich. Sept. 9, 2010); *Corrion v. Kleine, et al*, No. 10-

CV-12192 (E.D. Mich. June 16, 2010); *Corrion v. Caruso, et al.*, No. 09-CV-13159 (E.D. Mich.)

(leave denied Aug. 21, 2009, case dismissed Jan. 28, 2010); *Corrion v. Corrion*, No. 09-CV-13265

(E.D. Mich. Sept. 8, 2009).  Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee for this civil action unless he demonstrates that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  He has made no such showing.  He is thus not entitled to proceed without prepayment of the filing fee for this action and his complaint must be dismissed.

III.

Based upon the foregoing analysis, the Court concludes that Plaintiff has filed more than three previous lawsuits which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted and that he has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g).  Accordingly, the Court **DENIES** Plaintiff leave to proceed without prepayment of fees for this action and **DISMISSES** his complaint pursuant to 28 U.S.C. § 1915(g).  This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee.  The Court notes that any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed.  Lastly, the Court concludes that any appeal from this decision would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).  This case is closed.

**IT IS SO ORDERED**.


Dated:  December 20, 2011                      S/ Sean F. Cox_____
                                               Sean F. Cox
                                               United States District Court Judge

-3-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN A. CORRION, #601943,

        Plaintiff,

                                  CASE NO. 2:11-CV-15340
v.                                   HONORABLE SEAN F. COX

MARK GATESMAN, et al.,

        Defendants.
_____/


**PROOF OF SERVICE**

The undersigned certifies that on December 20, 2011, the foregoing order was served upon counsel of record via the Court's ECF System and upon John Corrion via First Class Mail at the address below:

John Corrion
601943
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221


                                 s/J. Hernandez
                                 Case Manager to
                                 District Judge Sean F. Cox